[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE FOURTH COUNT (NO. 106)
The fourth count does not allege a cause of action based upon promissory estoppel under Restatement (Second) Contracts 90. Rather, the plaintiff alleges merely an estoppel to prevent the defendants from asserting a defense (which they have not asserted as of this date) "that the lease of land area A varies in any material way from the lease of land area J., and . . . [other matters]."
The doctrine of estoppel (as opposed to a promissory estoppel) "is a weapon of defense and not offense. Its sole function is to prevent from enforcing a legal right against another when in good conscience he should not be allowed to do so." State ex rel. Martin v. Maxsim Pepin, Jr., 14 Conn. Sup. 225,231 (1946). On the other hand, promissory estoppel allows for the enforcement of a promise. "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." Restatement (Second) Contracts, 90.
The motion to strike the fourth count is granted.
ROBERT I. BERDON, JUDGE CT Page 2798